UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

A.C., individually and on behalf of A.C.M., a child with a disability,   COMPLAINT

*Plaintiffs*,

Case No.

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

*Defendant*.
_____

A.C., individually and on behalf of A.C.M., a child with a disability, by and through his attorneys, CUDDY LAW FIRM, PLLC, for the complaint hereby alleges:

1. This is an action brought pursuant to the enforcement and fee-shifting provisions of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(i)(3).

2. This is also an action pursuant to Title 42 of the United States Code Section 1983 to redress the denial to Plaintiff by Defendant of protected liberty interests and rights without due process of law, or in the alternative an action pursuant to the enforcement provision of the IDEA, 20 U.S.C. § 1415(i)(3).

3. Plaintiff A.C. and A.C.M. reside in the County of Bronx, State of New York.

4. A.C.M. is a child with a disability as defined by IDEA, 20 U.S.C. § 1401(3)(A).

5. A.C. is the parent of A.C.M. as defined by IDEA 20 U.S.C. § 1401(23).

6. Defendant New York City Department of Education is a local educational agency as defined by IDEA, 20 U.S.C. §1401(19), and, as such, is obligated to provide educational and related programs and services to its students in compliance with the

1

applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. § 1400 *et seq.*, and the regulations promulgated thereunder.

## JURISDICTION AND VENUE

7. Jurisdiction is predicated upon 28 U.S.C. § 1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, and upon the fee-shifting provision of IDEA, 20 U.S.C. § 1415(i)(3)(A), which provides that the district courts of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy.

8. Jurisdiction for the enforcement of the Findings of Fact and Decision under 42 U.S.C. §1983 is predicated upon 28 U.S.C. § 1331, and upon 28 U.S.C. § 1343, which provides, *inter alia,* the district courts with original jurisdiction to secure equitable or other relief under any Act of Congress providing for the protection of civil rights.

9. Venue is predicated upon 28 U.S.C. § 1391(b)(1) based upon the residence of the Defendant at the Defendant's principal office located at 52 Chambers Street, New York, NY 10007, and upon 28 U.S.C. § 1391(b)(2) based upon the location of the subject matter of this action.

## FACTUAL BACKGROUND – CASE NO. 181870

10. The Defendant's principal office is located at 52 Chambers Street, New York, NY 10007.

11. A.C.M. was born in 2011.

12. A.C.M. was classified as a student with a disability of other health impairment by Defendant's Committee on Special Education (CSE).

13. By due process complaint (DPC) to the Defendant dated February 27, 2019, Plaintiff demanded a due process hearing pursuant to 20 U.S.C. § 1415(f)(1).

14. The matter was assigned case number 181870.

15. Plaintiff's DPC demanded, *inter alia*, a finding that Defendant did not provide Plaintiff A.C.M. with a free appropriate public education (FAPE) pursuant to IDEA during the 2016-2017, 2017-2018, 2018-2019 school years.

16. As relief, Plaintiff's DPC demanded, among other things, an independent bilingual neuropsychological, the reconvene of the CSE and development of a new IEP, and compensatory academic and related services.

17. Defendant failed to issue a Due Process Response to the DPC.

18. The Defendant appointed Vanessa M. Gronbach, Esq., as impartial hearing officer (IHO) on March 1, 2019.

19. A mandatory resolution session was held by Defendant on March 11, 2019.

20. An impartial hearing was held for Plaintiff A.C. and A.C.M. on August 6, 2019.

21. At the hearing held on August 6, 2019, Plaintiff entered thirty-five documentary exhibits and testimony from one witness into evidence. Defendant entered eleven documentary exhibits into evidence and did not present any witness testimony.

22. At the hearing held on August 6, 2019, the parties and IHO Gronbach engaged in a lengthy off-the-record discussion, and as a result of those discussions the Defendant consented to Plaintiff's request for a reconvene of the CSE, A.C.M.'s eligibility for extended school year services, placement of A.C.M. into a nonpublic school, to fund 390 hours of compensatory academic services, to conduct a speech-language evaluation, and to provide Spanish-translation for documents – specifically A.C.M.'s

individualized education program (IEP).

23. The Defendant took no position on Plaintiff's request for parent counseling and training and contested the change in the Student's classification, requiring Plaintiff's witness, bilingual licensed psychologist Dr. Eugene Newman, to testify regarding that issue with the Defendant's representative conducting a brief cross examination of two questions solely regarding Dr. Newman's usual rate for neuropsychological evaluations.

24. On November 17, 2019, IHO Gronbach issued a findings of fact and decision (FOFD).

25. In the FOFD, IHO Gronbach ordered Defendant to:
    a. Conduct a speech-language evaluation;
    b. Reconvene the CSE to recommend placement in a nonpublic school and extended school year services;
    c. Recommend parent counseling and training;
    d. Provide a bank of 390 compensatory academic tutoring hours to be provided by a certified special education teacher;
    e. Fund the independent neuropsychological evaluation;
    f. Translate all pertinent documents, including the IEP, into Spanish.

26. Defendant has not complied with the terms of the FOFD, as the Defendant failed to fund the independent neuropsychological evaluation.

27. Dr. Eugene Newman submitted an invoice and the completed evaluation report in or around July 30, 2019, and again invoiced the Defendant on February 20, 2021, but has not received payment to date.

28. Plaintiff, through his counsel, has submitted numerous inquiries to Defendant's implementation unit regarding the status of payment for the independent neuropsychological evaluation to Dr. Newman but has yet to receive a substantive response or any confirmation the payment will be or has been issued pursuant to he FOFD.

29. As a result of Defendant's failure to comply with the FOFD, Plaintiff remains liable for the amount outstanding for the neuropsychological evaluation.

30. On August 31, 2021, Plaintiff, through his counsel, submitted a demand for attorneys' fees and costs incurred at the administrative hearing to Defendant's Office of Legal Services.

31. On September 14, 2021, Defendant assigned Attorney Michael Lawrence to Plaintiff's fee demand.

32. As of the date of this complaint, Defendant has failed to substantively respond to Plaintiff's fee demand.

## FIRST CAUSE OF ACTION

33. Plaintiffs repeat and reallege paragraphs 1 through 32 as if more fully set forth herein.

34. The Defendant has not complied with the terms of the IHO's order in case number 181870, as Defendant failed to fund the independent neuropsychological evaluation pursuant to the FOFD.

35. As a result of Defendant's failure to comply with the FOFD, Plaintiff remains liable for the outstanding amount billed for the independent neuropsychological evaluation.

36. Defendant has, under color of law, deprived Plaintiff of rights, privileges, or

immunities secured by the Constitution and laws of the United States, specifically the IDEA, by failing to implement the IHO's order.

37. Plaintiff seeks equitable relief pursuant to 42 U.S.C. § 1983. *See Mrs. W. v. Tirozzi*, 832 F.2d 748, 755 (2nd Cir. 1987) ("A § 1983 cause of action may be used to remedy constitutional and federal statutory violations by state agents" including those under IDEA's predecessor statute, the Education of the Handicapped Act); *see also Weixel v. Board of Educ. of City of New York*, 287 F.3d 138, 151 (2nd Cir. 2002) ("as noted above, plaintiffs have stated causes of action under Section 504/ADA and the IDEA, the district court erred in dismissing their claims for damages under Section 1983"); *contra A.W. v. Jersey City Public Schools*, 486 F.3d 791 (3rd Cir. 2007) (describing circuit conflict as to availability of § 1983 relief under IDEA).

38. Specifically, Plaintiff seeks an order directing that Defendant comply immediately with all the terms of the IHO's order, including that the Defendant immediately issue payment of the past-due invoice for the neuropsychological evaluation submitted by Dr. Newman.

## SECOND CAUSE OF ACTION

39. Plaintiffs repeat and reallege paragraphs 1 through 38 as if more fully set forth herein.

40. The IDEA includes a judicial remedy for violations of any right "relating to the identification, evaluation, or educational placement of [a] child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6).

41. The First, Third, Fourth, Ninth, and Tenth Circuits are in conflict with the Second Circuit as to the availability of § 1983 relief to enforce the IDEA. *See, e.g., Blanchard v. Morton Sch. Dist.*, 509 F.3d 934, 938 (9th Cir. 2007) ("We now join the First,

6

Third, Fourth, and Tenth Circuits and hold that the comprehensive enforcement scheme of the IDEA evidences Congress' intent to preclude a § 1983 claim for the violation of rights under the IDEA").

42. Thus, in the alternative to the § 1983 cause of action stated above, Plaintiff seeks an order pursuant to the IDEA's own enforcement authority directing that Defendant comply immediately with all the terms of the IHO's order.

43. Specifically, Plaintiff seeks an order directing that Defendant comply immediately with all the terms of the IHO's order, including that the Defendant immediately issue payment of the past-due invoice for the neuropsychological evaluation submitted by Dr. Newman.

THIRD CAUSE OF ACTION

44. Plaintiffs repeat and reallege paragraphs 1 through 43 as if more fully set forth herein.

45. Plaintiff A.C. initiated an impartial hearing on behalf of A.C.M. under case number 181870.

46. Plaintiff A.C. prevailed in the underlying proceedings by obtaining a Statement of Agreement and Order from the impartial hearing officer ordering the relief demanded by Plaintiff A.C.

47. Plaintiff A.C. having prevailed in the underlying proceedings hereby seeks reasonable attorneys' fees and costs pursuant to 20 U.S.C. § 1415(i)(3).

48. Plaintiff having received no payment or reasonable offer for resolution of Plaintiff's fee demand as of the date of this complaint hereby seeks to invoke the Court's discretion to award prejudgment interest at the prevailing federal prime rate.

49. Prejudgment interest is calculated as: Principal x Annual Rate x (Number of Days /

365). *Makinen v. City of New York*, No. 11-cv-07535, 2016 WL 1451543 *11 fn. 5 (S.D.N.Y. Apr. 12, 2016).

50. As of the date of this complaint, the prevailing federal prime rate is 3.25%.

51. There have been one hundred twenty-five (125) days from the Plaintiff's fee demand up to the date of this complaint.

52. As of the date of this complaint, $413.53 in potential prejudgment interest has accrued.

53. Pursuant to 28 U.S.C. § 1961, the Plaintiff seeks postjudgment interest to deter any further delay of payment by the defendant following any judgment.

    WHEREFORE, Plaintiffs respectfully request that this Court:

(1)     Assume jurisdiction over this action;

(2)     Issue an order directing the Defendant to comply with the IHO's FOFD to immediately issue payment of the past-due invoice for the independent neuropsychological evaluation to Dr. Eugene Newman;

(3)     Award to Plaintiff A.C. the costs, expenses, and attorneys' fees for the administrative proceeding in the matter of A.C.M. pursuant to 20 U.S.C. § 1415, together with both prejudgment and postjudgment interest thereupon;

(4)     Award to the Plaintiff A.C. the costs, expenses, and attorneys' fees for this 42 U.S.C. § 1983 action pursuant to 42 U.S.C. § 1988, together with both prejudgment and postjudgment interest thereupon; or in the alternative award to Plaintiff A.C. the costs, expenses, and attorneys' fees of this action pursuant to 20 U.S.C. § 1415, together with both prejudgment and postjudgment

interest thereupon;

(5)  Grant such other and further relief as the Court deems just and proper.

Dated: Auburn, New York
       January 3, 2022                      Yours etc.,

                                               s/ Erin E. Murray
                                               CUDDY LAW FIRM, PLLC
                                               Erin E. Murray, Esq.
                                               *Attorneys for Plaintiffs*
                                               5693 South Street Road
                                               Auburn, New York 13021
                                               (315) 370-4020
                                               emurray@cuddylawfirm.com